**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3195
_____

DAVID WILSON PEPE,
                                        Appellant

v.

MARIROSA LAMAS, Old Superintendent; MR. WILBERT MATTHEWS, G-Unit
Manager; MICHAEL PREVOST, Kitchen Supervisor; MS. L. MCCONNELL, Kitchen
Supervisor at SCI Benner Township; MR. R. CHISM, Captain at SCI Benner Township;
MR. WALLY DITSWORTH, Food Service Manager at SCI Benner Township

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-02270)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2017

Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: February 16, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David Pepe appeals the District Court's dismissal of a suit against several SCI-Benner Township prison officials under 42 U.S.C. § 1983 alleging that they retaliated against him for the exercise of his First Amendment rights. The claim involves a grievance that Pepe filed challenging the veracity of a misconduct charge issued against him by the supervisor for prison kitchen work, Michael Prevost. The charge resulted in Pepe's removal from his kitchen job assignment, and he alleged that the subsequent denial of his request to be reinstated into his former job was made in retaliation for having filed the grievance. For the reasons stated herein, we will vacate the portion of the District Court's decision that dismissed Pepe's First Amendment retaliation claim against the kitchen supervisor.[1]

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order granting the defendants' motion to dismiss. Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

---

[1] Pepe raised other civil rights claims that the District Court also dismissed in its July 7, 2016 order. He has not challenged the dismissal of these claims on appeal, and we therefore will not review them. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

2

Pepe alleged that the refusal to reinstate him into his kitchen job assignment was in retaliation for having filed a grievance complaining of the misconduct report Prevost issued against him. In order to state a *prima facie* case of First Amendment retaliation, a prisoner must plausibly allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Pepe has met this burden. First, he plausibly alleged that his use of the grievance system qualified as protected activity. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (explaining that the filing of a prison grievance "implicates conduct protected by the First Amendment"). Second, he plausibly alleged that he suffered an adverse action when he was not reinstated into his kitchen job. See Dewalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000 (holding that a prisoner can bring a retaliation claim based on the loss of his prison job). Third, the "timing plus other evidence" forming the basis of Pepe's allegations—specifically that he was denied employment by the same official against whom he had filed a grievance a month prior—and that he received conflicting responses from other prison officials regarding his ability to be reinstated into his kitchen job, were sufficient at the Rule 12(b)(6) stage to plausibly raise an inference of causation between the protected conduct and the adverse action. See Farrell v. Planters Lifesavers Co., 206

3

F.3d 271, 280 (3d Cir. 2000). Accordingly, Pepe stated a *prima facie* case of First

Amendment retaliation against the kitchen supervisor.

Once a prisoner establishes a *prima facie* case of retaliation, the burden then shifts

to the defendant to establish that he would have made the same decision absent the

protected conduct for reasons reasonably related to a legitimate penological interest (the

"same decision" defense). See Rauser, 241 F.3d at 334; Watson v. Rozum, 834 F.3d 417,

425-26 (3d Cir. 2016). When he applied to be reinstated into his former kitchen job,

Pepe was put on a waiting list, and the District Court accepted the kitchen supervisor's

contention that Pepe would have been put on the same waiting list even in the absence of

the filing of the grievance. Consequently, the District Court found that the supervisor had

met his burden under the "same decision" defense, and it dismissed the retaliation claim

on that basis.[2]

---

[2] To the extent that Pepe sought to bring a retaliation claim against the other prison officials named as defendants, the District Court dismissed the claim against those individuals on the basis that Pepe failed to show that they were personally involved in either the filing of the misconduct charge or in the refusal to reinstate him into his previous job assignment. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). That conclusion was correct.

In addition, the District Court dismissed the retaliation claim against the kitchen supervisor on the alternative basis that Pepe had no constitutional interest in his prison job. See James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989). That analysis, however, misstated the elements of "a First Amendment retaliation claim, to which the liberty/property interest requirement of a procedural due process claim does not apply." Dewalt, 224 F.3d at 613. Indeed, "the fact that [a prisoner] does not have a liberty or property interest in his former prison job does not foreclose his [] retaliation claim[] arising from the loss of that job." Id. Pepe, therefore, was not required to demonstrate that he had a property interest in his prison job, and the District Court was incorrect to

We do not agree that it was appropriate for the District Court to dismiss this case at the Rule 12(b)(6) stage on the basis of the "same decision" defense. When "ruling on a motion to dismiss, [a district court is] not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997). For this reason, "[i]t makes little sense to apply [the burden-shifting framework] at the pleading stage." Thomas v. Eby, 481 F.3d 434, 442 (6th Cir. 2007).

As discussed above, Pepe's complaint set out a violation of his First Amendment rights. He pleaded that prison officials gave him conflicting responses regarding his ability to be reinstated into his prison job. Prevost, the kitchen supervisor, first asserted that Pepe would not have been reinstated into his former job even if he had not filed a grievance in the objection to the Magistrate Judge's Report & Recommendation. Doc. No. 38 at 1-2. It is possible that, with the benefit of discovery, Pepe could point to evidence that Prevost was acting on the basis of an improper motive. For instance, Pepe might establish that other inmates who received misconduct reports in the kitchen were reinstated into their former jobs as opposed to being put on a waiting list. Or Prevost might otherwise be unable to meet his burden to show "that [he] would have taken the same disciplinary action even in the absence of the protected activity." Rauser, 241 F.3d

_____

dismiss his retaliation claim on that basis.

5

at 333.  But these questions cannot be answered at the pleading stage.  See Thomas, 481 F.3d at 442.

Accordingly, we will affirm in part, but we will vacate the portion of the District Court's decision that dismissed Pepe's First Amendment retaliation claim against Prevost and remand for further proceedings consistent with this opinion.